UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CV00973 ERW |
| ) | |
| UNKNOWN WOOD, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Clint Phillips, III's ("Plaintiff") "Motion to Appoint Counsel and Affidavit in Support" [ECF No. 14].

When Plaintiff filed his Complaint against Defendant Unknown Wood, a law enforcement officer with the St. Louis County Police Department ("Police Department"), on May 20, 2013, Plaintiff also filed motions to proceed in forma pauperis ("IFP") and to appoint counsel [ECF Nos. 3, 4]. On June 4, 2013, the Court granted Plaintiff's motion to proceed IFP, but denied the motion to appoint counsel, with leave to refile at a later date [ECF No. 5]. At that time, the Court also determined that Plaintiff's allegations brought pursuant to 42 U.S.C. § 1983 of false arrest, false imprisonment and illegal search and seizure survived review under 28 U.S.C. § 1915.

Plaintiff's Complaint states that he is suing Defendant Unknown Wood "in his individual capacity for violations committed in his ministerial capacity." [ECF No. 1 at 4]. Plaintiff alleges that Defendant Unknown Wood arrested him without a warrant, for a misdemeanor that was not committed in the officer's presence. Generally, fictitious parties, such as John Does, may not be named as defendants in a civil action. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

However, an action may proceed against a party whose name is unknown, if the complaint makes sufficiently specific allegations to allow the party's identity to be ascertained following reasonable discovery. *Id*. Consequently, the Court ordered the Clerk of Court to issue process on Defendant Unknown Wood [ECF No. 5].

In the interim, summons issued as to Defendant Unknown Wood, Badge #314, but was returned unexecuted on June 11, 2013, with the remark that the St. Louis County Personnel Department stated no officer with the badge number given by Plaintiff and last name of Wood was currently employed by the St. Louis County Police Department ("Police Department") [ECF No. 7]. The Clerk of Court wrote to Plaintiff to request service information for Defendant Unknown Wood on June 13 [ECF No. 8]. On June 14, Plaintiff filed an unsigned "Memorandum for Clerk," stating that Defendant Unknown Wood's badge number was #3414, and that he worked in the Police Department's First Precinct [ECF No. 9].

Upon Plaintiff's June 14 request, an alias summons issued as to Defendant Unknown Wood on June 17, 2013 [ECF No. 10]. Thereafter, the alias summons was returned unexecuted on June 28, 2013, with the remark that the officer was no longer employed by the Police Department [ECF No. 12]. On July 1, 2013, the Clerk of Court again wrote to Plaintiff, to inform Plaintiff that the U.S. Marshal Service notified the Clerk they were still unable to serve Defendant Unknown Wood with the amended information Plaintiff provided to the Court on June 14. Enclosing a Summons form with his letter, the Clerk told Plaintiff it was still necessary for Plaintiff to provide the Court with the proper address or proper name for Defendant Unknown Wood. The Clerk asked Plaintiff to complete an enclosed Summons form with updated information and file it with the Court with a memorandum to the Clerk, requesting service [ECF No. 13].

On June 17, 2013, Plaintiff filed a copy of the investigative report concerning the incident that is the subject of the Complaint's allegations [ECF No. 11]. This document was sealed due to the presence of personal identifying information, but this report indicates that the incident giving rise to Plaintiff's claims occurred on March 28, 2008.

On July 22, 2013, Plaintiff filed another unsigned "Memorandum for Clerk," in which Plaintiff alleges he has been trying to locate Defendant Unknown Wood, but the St. Louis County Police Department ("Police Department") was denying him information about the officer because he is pro se [ECF No. 15]. Plaintiff further alleges he was told the officer still worked in the Police Department's First Precinct, but the Police Department claimed the officer no longer worked for it when the U.S. Marshals attempted to serve him. Plaintiff contends the Police Department knows Defendant Unknown Wood's full name, address, and location, but is obstructing justice by not cooperating with the U.S. Marshals or the Court.

The Court has reviewed the Complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss a Complaint filed in forma pauperis where the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's Complaint fails to allege when the wrongful conduct occurred; however, the investigative report Plaintiff filed on June 17, 2013, shows that the incident occurred on March 28, 2008 [ECF No. 1, 11]. Claims brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state where the claim arose. *Bridgeman v. Neb. State*

*Penitentiary*, 849 F.2d 1076, 1077 (8th Cir. 1988)(per curiam). The Missouri five-year personal injury statute of limitations, Missouri Revised Statutes § 516.120(4), applies to § 1983 actions. *See Garrett v. Clarke*, 147 F.3d 745, 746 (8th Cir. 1992). Thus, the applicable statute of limitations on Plaintiff's § 1983 claims would have expired on March 28, 2013, prior to his filing of this action on May 20, 2013. Plaintiff's false arrest and false imprisonment state law claims are also time-barred, as Missouri Revised Statutes § 516.140 requires such claims to be brought within two years of the cause of action. *See Hazlett v. City of Pine Lawn*, 2013 WL 4482864 at *3 (E.D. Mo. Aug. 19, 2013). The Court finds that Plaintiff's Complaint fails to state a claim to relief that is plausible on its face, because Plaintiff's claims are barred by the applicable statutes of limitations.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Appoint Counsel and Affidavit in Support" [ECF No. 14] is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this   24th   day of September, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE